UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| JERRY KRAUSS, | No. 2:18-cv-00559-MCE-DB |
|---|---|
| Plaintiff, | |
| v. | **MEMORANDUM AND ORDER** |
| SCURFIELD FAMILY LIMITED PARTNERSHIP; DAVID SCURFIELD; and DOES 1-10, | |
| Defendants. | |

This lawsuit was brought by Plaintiff Jerry Kraus ("Plaintiff") under the provisions of both the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12101, et seq. ("ADA"), and California's Unruh Civil Rights and Disabled Persons Act (Cal. Civ. Code §§ 51-53, hereinafter "Unruh Act") on grounds that business establishments located on real property owned by Defendants Scurfield Family Limited Partnership and David Scurfield (collectively "Defendants") contained barriers to access in contravention of both the ADA and the Unruh Act.

Presently before the Court is Plaintiff's Motion for Summary Judgment, made on grounds that Plaintiff is entitled, as a matter of law, to injunctive relief that Defendants provide accessible parking. In addition, Plaintiff seeks statutory penalties against

///

Defendants under the Unruh Act in the amount of $4,000.00.  As set forth below, Plaintiff's Motion is GRANTED in part and DENIED in part.[1]

## BACKGROUND

The facts underlying this matter are virtually undisputed.  Plaintiff suffers from a back injury that requires him to use a wheelchair for mobility purposes.  Pl.'s Stmt. of Undisputed Facts ("SUF"), ECF No. 12-2, ¶ 1.  On February 5, 2018, Plaintiff attempted to patronize two adjoining businesses, AAMCO Transmissions of Vallejo and O'Reilly Auto Parts, located at or near 3580 Sonoma Blvd. in Vallejo, California.  Id. at ¶¶ 2, 7.  According to Plaintiff, at all relevant times those businesses operated on real property owned by Defendants.  Id. at ¶ 3.

According to Plaintiff, he regularly visited both establishments to service his three cars and on prior visits had always found a parking space marked and reserved for persons with disabilities in the parking lot shared by AAMCO and O'Reilly.  Id. at ¶ 7. On a February 5, 2018, visit, however, Plaintiff discovered that the outline of the designated accessible parking space had faded, as had the International Symbol of Accessibility logo on the surface of the stall.  Id. at ¶¶ 8-9.  Plaintiff also claims that the access aisle for the stall lacked a "No Parking" designation and that there was no signage whatsoever at or near the former designated accessible space.  Id. at ¶¶ 10-11.  In sum, the previously accessible space had been converted into one available to all customers.  Id. at ¶ 7.

Plaintiff asserts he needs an accessible parking space with an access aisle in order to ensure he has enough room to get in and out of his vehicle in a wheelchair.  Id. at ¶ 12.  Because of bad experiences in the past where he parked in a non-accessible parking stall and was then precluded from getting back into his vehicle when another car

---

[1] Having determined that oral argument would not be of material assistance, the Court ordered this matter submitted on the briefs in accordance with E.D. Local Rule 230(g).

parked next to him, Plaintiff states he was deterred from patronizing the O'Reilly Auto Parts store on February 5, 2018 and left without doing so. Id. at ¶¶ 13-14.

About three weeks later, on February 27, 2018, an investigator retained on Plaintiff's behalf conducted an investigation of the parking lot shared by AAMCO and O'Reilly and confirmed the conditions Plaintiff had encountered. Id. at 16. Plaintiff subsequently filed the present lawsuit on March 15, 2018, apparently without re-visiting the premises. Plaintiff's Complaint identified the lack of "compliant, accessible handicap parking spaces" in general and goes on to explain that the previously provided accessible space hand been converted so that the required signage was not present.

In June of 2018, after Plaintiff's lawsuit had been served and answered, Defendants hired a contractor to revamp the subject parking lot and make it compliant. When Plaintiff had a second investigator view the property in February of 2019, he observed that of the 38 spaces serving the two businesses, two were now marked and reserved for persons with disabilities, and both had the appropriate access aisles. Id. at ¶¶ 18, 19. The only barrier to access identified by the investigator, Hedal Kadric, concerned the slope associated with the spaces. Kadric claimed that one of the stalls had a slope of 3.4% and one of the access aisles had a slope of 2.3%, both in excess of the legally mandated 2.1% maximum. Id. at ¶ 20.

The summary judgment motion now before the Court, filed on September 11, 2019, asks the Court to enter judgment as a matter of law on Plaintiff's behalf. Plaintiff seeks both injunctive relief to remediate the sloping issue as well as a single statutory penalty in the amount of $4,000 under the Unruh Act given the barrier to access he encountered in February of 2018. Although Defendants do not deny that an accessibility defect prevented Plaintiff from patronizing the store at that time, they do take issue with the fact that Plaintiff now relies on a sloping issue they claim was not identified in his Complaint. Moreover, and in any event, Defendants allege that the slope comports with the applicable guidelines. In their opposition papers, Defendants produce a declaration from the paving contractor to the effect that the sloping measurements

were indeed compliant, as well as a second declaration from an ADA specialist who also measured the grades and found them to be acceptable.

## STANDARD

The Federal Rules of Civil Procedure provide for summary judgment when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).  One of the principal purposes of Rule 56 is to dispose of factually unsupported claims or defenses.  Celotex, 477 U.S. at 325.

Rule 56 also allows a court to grant summary judgment on part of a claim or defense, known as partial summary judgment.  See Fed. R. Civ. P. 56(a) ("A party may move for summary judgment, identifying each claim or defense—or the part of each claim or defense—on which summary judgment is sought."); see also Allstate Ins. Co. v. Madan, 889 F. Supp. 374, 378-79 (C.D. Cal. 1995).  The standard that applies to a motion for partial summary judgment is the same as that which applies to a motion for summary judgment.  See Fed. R. Civ. P. 56(a); State of Cal. ex rel. Cal. Dep't of Toxic Substances Control v. Campbell, 138 F.3d 772, 780 (9th Cir. 1998) (applying summary judgment standard to motion for summary adjudication).

In a summary judgment motion, the moving party always bears the initial responsibility of informing the court of the basis for the motion and identifying the portions in the record "which it believes demonstrate the absence of a genuine issue of material fact." Celotex, 477 U.S. at 323.  If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist.  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986); First Nat'l Bank v. Cities Serv. Co., 391 U.S. 253, 288-89 (1968).

///

In attempting to establish the existence or non-existence of a genuine factual dispute, the party must support its assertion by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits[,] or declarations . . . or other materials; or showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1).  The opposing party must demonstrate that the fact in contention is material, i.e., a fact that might affect the outcome of the suit under the governing law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 251-52 (1986); Owens v. Local No. 169, Assoc. of W. Pulp and Paper Workers, 971 F.2d 347, 355 (9th Cir. 1987).  The opposing party must also demonstrate that the dispute about a material fact "is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson, 477 U.S. at 248.  In other words, the judge needs to answer the preliminary question before the evidence is left to the jury of "not whether there is literally no evidence, but whether there is any upon which a jury could properly proceed to find a verdict for the party producing it, upon whom the onus of proof is imposed." Anderson, 477 U.S. at 251 (quoting Improvement Co. v. Munson, 81 U.S. 442, 448 (1871)) (emphasis in original). As the Supreme Court explained, "[w]hen the moving party has carried its burden under Rule [56(a)], its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita, 475 U.S. at 586.  Therefore, "[w]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" Id. at 587.

In resolving a summary judgment motion, the evidence of the opposing party is to be believed, and all reasonable inferences that may be drawn from the facts placed before the court must be drawn in favor of the opposing party. Anderson, 477 U.S. at 255.  Nevertheless, inferences are not drawn out of the air, and it is the opposing party's obligation to produce a factual predicate from which the inference may be drawn.

///

Richards v. Nielsen Freight Lines, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985), aff'd, 810 F.2d 898 (9th Cir. 1987).

## ANALYSIS

To prevail on a claim under Title III of the ADA, "a plaintiff must show that: (1) he is disabled within the meaning of the ADA; (2) the defendant is a private entity that owns, leases, or operates a place of public accommodation; and (3) the plaintiff was denied public accommodations by the defendant because of his disability." Arizona ex rel. Goddard v. Harkins Amusement Enters., Inc., 603 F.3d 666, 670 (9th Cir. 2010). "The third element . . . is met if there was a violation of applicable accessibility standards." Moeller v. Taco Bell Corp., 816 F. Supp. 2d 831, 847 (N.D. Cal. 2011) (citing Chapman v. Pier 1 Imports (U.S.), Inc., 631 F.3d 939, 945 (9th Cir. 2011); Donald v. Cafe Royale, 218 Cal. App. 3d 168, 183 (1990)).

Plaintiff moves for summary judgment on grounds that the configuration of disabled parking, and lack of proper signage, impeded his ability to patronize the business establishments located on Defendants' premises in contravention of the ADA. Plaintiff also moves for summary judgment as to his claim under the Unruh Civil Rights Act, which incorporates the provisions of the ADA by providing, in pertinent part, that: "[a] violation of the right of any individual under the federal Americans with Disabilities Act of 1990 shall also constitute a violation of [the Unruh Civil Rights Act]." Cal. Civ. Code § 51(f). California Civil Code § 52(a) sets a minimum of $4,000 in damages for a violation of the Unruh Civil Rights Act.

The ADA defines a person as disabled if, among other things, he has "a physical . . . impairment that substantially limits one or more major life activities." 42 U.S.C. § 12102(1)(A). The ADA lists "walking" as an example of a major life activity. Id. § 12102(2)(A). Thus, because Plaintiff has to use a wheelchair to move about, Defendants do not dispute that he is considered disabled within the meaning of the ADA.

In addition, to the extent that two sales establishments are operated on Defendants' premises, such establishments are expressly identified under the ADA as places of public accommodation.  See id. § 12181(7)(E).  Defendants do not dispute this point, either.  To the extent the physical elements of a place of public accommodation impede access to people with disabilities and provided the removal of such barriers to access are readily achievable discrimination under the ADA is present.  See 42 U.S.C. § 12182(b)(2)(A)(iv); Department of Justice, Technical Assistance Manual on the Americans with Disabilities Act (BNA) §§ III-4.4100 (1991).

The salient issue here is thus whether Defendants' property contained barriers to access that denied Plaintiff his right to patronize it as a place of public accommodation. Defendants concede that Plaintiff needed an accessible parking and access aisle in order to safely exist his van.  ECF No. 15-2, ¶¶ 12-13.  Defendants further concede that given that lack of accessible parking, Plaintiff was deterred from visiting O'Reilly Auto Parts on February of 2018.  Defs.' Response to SUF, ECF No. 15-1, ¶ 14.  Therefore, it is uncontroverted that Plaintiff encountered barriers in contravention of the ADA. Moreover, given his personal encounter to such barriers, Plaintiff is entitled to an Unruh Act penalty in the minimum amount of $4,000 as provided by California Civil Code § 55.56(b).

The Court therefore determines that Plaintiff has established as a matter of law his entitlement to the $4,000 in damages sought under the Unruh Act.  That leaves Plaintiff's remaining claim for injunctive relief under the ADA pursuant to 42 U.S.C. § 12188 (a).  Plaintiff alleges he is entitled to injunctive relief as a matter of law in order to mandate accessible parking at Defendants' premises.  As indicated above, he claims that despite remediation efforts, the parking spots still fall short of ADA requirements because one of the accessible parking spaces currently has a slope  of 3.4% (and thus not ADA-compliant) and one of the access aisles, with a 2.3% slope, is similarly

///

///

1  non-compliant.[2]  SUF at ¶ 20.  Defendants, however, dispute the accuracy of those
2  measurements.  The contractor who performed remediation work on Defendants' parking
3  lot took measurements which he claims measured the slope at much less than Plaintiff's
4  investigator, at levels between 0.1 percent and 1.7 percent.  Decl. of Ruben Delgadillo,
5  ECF No. 15-3, ¶ 6.  In addition, on September 19, 2019, M. Bradley Gaskins, a
6  California Certified Accessibility Professional (CASp) and ICC Certified Accessibility
7  Inspector in 14 states, including California, inspected the property.  Gaskin Decl., ECF
8  No. 15-5, ¶¶ 2, 5.  He opined that the measuring device used by Plaintiff's investigator to
9  calculate slope did not conform to Department of Justice recommendations.  Id. at ¶ 6.
10 Having taken 14 measurements with the proper device in both of the accessible parking
11 spaces, Gaskins found that only one of the measurements exceeded the maximum 1:48
12 (2.1 %) mandated by the governing regulations.  Id. at ¶ 7.  Since that one excess
13 measurement was just 0.1% over the maximum allowed, and given construction
14 tolerances permitted on such dimensions, Gaskins believed both spaces were in fact
15 ADA compliant.  Id. at ¶ 7.
16     As the above makes abundantly clear, there are clear factual disputes as to
17 whether there are any access barriers currently subject to remediation by way of
18 injunctive relief in this matter.  Therefore, to the extent Plaintiff's Motion requests such
19 relief, it must be denied.
20 ///
21 ///
22 ///
23 ///
24 ///

---

[2] As a preliminary matter, Defendants assert that because Plaintiff's Complaint does not specifically mention a sloping barrier as opposed to lack of a compliant space altogether and associated signage shortcomings, and since Plaintiff did not seek to amend his complaint to add his additional arguments as to excessive sloping he should not be permitted to argue the issue for the first time on summary judgment.  The Court is not persuaded by that argument, however, since Plaintiff's complaint put Defendants on notice generally as to the noncompliant parking on their premises.  This is not an instance where a completely new violation has been alleged.

**CONCLUSION**

For the reasons set forth above, Plaintiff's Motion for Summary Judgment (ECF No. 12) is GRANTED in part and DENIED in part.  Plaintiff is entitled to statutory penalties in the sum of $4,000 for the access barriers he encountered at the business establishment located on Defendants' property, and the Motion is GRANTED in that regard.  The Motion is DENIED, however, as to Plaintiff's remaining request that summary judgment be granted as to his injunctive relief claim.

IT IS SO ORDERED.

Dated:  May 12, 2020

MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE